# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**REESE MICHAEL PLAISANCE (#173448)**                    **CIVIL ACTION NO.**

**VERSUS**                                                                    **22-85-BAJ-EWD**

**RICKEY BABIN, ET AL.**

## <u>NOTICE</u>

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in Baton Rouge, Louisiana, on October 31, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**REESE MICHAEL PLAISANCE (#173448)**          **CIVIL ACTION NO.**

**VERSUS**                                                    **22-85-BAJ-EWD**

**RICKEY BABIN, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint of Reese Michael Plaisance ("Plaintiff"). Based on the screening process for such suits under 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that Plaintiff's federal claims be dismissed as legally frivolous and for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over any potential state law claims.

## I.     BACKGROUND

Plaintiff, who is representing himself and who is confined at the Ascension Parish Jail, brought this suit on or about January 12, 2022 against Ricky Babin, Clerk of Court Bridget Hanna, the Ascension Parish Jail, and the Clerk of Court ("Defendants") alleging violations of his constitutional rights.[1] Plaintiff complains that his legal mail was sent to another inmate and since then he has been abused and threatened by other inmates. He seeks injunctive relief.[2]

## II.    LAW & ANALYSIS

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the action or claim is frivolous, malicious,

---

[1] R. Doc. 1.

[2] R. Doc. 1, p. 6. Specifically, Plaintiff requests to have his "situation rightfully and constitutionally handled."

or fails to state a claim upon which relief may be granted.[3]  The statutes impose similar standards for dismissal and are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.  Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[7] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[8] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[9] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[10]  A claim is also subject to dismissal

---

[3] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.  Plaintiff was granted permission to proceed *in forma pauperis* on March 14, 2022, so both statutes apply.  R. Doc. 6.

[4] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.*

[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[8] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

[9] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

[10] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[11]

### B.  Ascension Parish Jail is Not a Proper Defendant

Section 1983 creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."[12]  Only a "person" may be sued for violation of an inmate's constitutional rights.[13]  A state is not a "person" within the meaning of § 1983.[14]  Similarly, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[15] Accordingly, Plaintiff's claims against the Ascension Parish Jail should be dismissed with prejudice as legally frivolous.[16]

---

[11] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[12] 42 U.S.C. § 1983 (emphasis added).

[13] *Id.*

[14] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).

[15] *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008), citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Sponsler v. Berks County Prison*, No. 95–1136, 1995 WL 92370, at * 1 (E.D. Pa. 1995); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993)).

[16] To the extent the suit against the Ascension Parish Jail may be seen as a suit against the municipality, Plaisance's claims still fail because Plaisance has not provided any facts to indicate that the municipality has a custom or policy that caused his injury.  *See Lee v. Ard*, No. 17-23, 2017 WL 5349493, at *4 (M.D. La. Nov. 13, 2017) ("A plaintiff asserting a Section 1983 claim against a municipal official in his official capacity or a Section 1983 claim against a municipality must show that the municipality has a policy or custom that caused his injury.) (internal quotation marks and citations omitted).  There is not an indicium of fact provided to even make a claim against a municipality a possibility.

### C.  Plaintiff has Failed to Allege the Personal Involvement of Rickey Babin or Bridget Hanna[17]

Plaintiff's suit is based on one sentence provided in the Complaint: "my legal mail was sent to another inmate in Ascension parish jail and since then I have been abused and threatened by other inmates."[18]  Rickey Babin is described as the District Attorney for Ascension Parish, and Bridget Hanna is described as the Clerk of Court and Recorder for Ascension Parish.[19]  Neither of these individuals are employed by the Ascension Parish Jail nor do either of them have any apparent connection to conditions at the jail.  Personal involvement is a prerequisite for a claim brought pursuant to 42 U.S.C. § 1983.[20]  There is nothing in the Complaint to indicate that Babin or Hanna had anything to do with any constitutional deprivation that may have occurred at the Ascension Parish Jail (or any facts to indicate that a constitutional deprivation has occurred at all).  Because Plaintiff has not named as a defendant any person with personal involvement in the incident involving his legal mail, this action is subject to dismissal.[21]

---

[17] Plaintiff also lists the "Clerk of Court" as a separate Defendant, but Hanna is the Clerk of Court.  Accordingly, all claims are discussed as directed against Hanna.

[18] R. Doc. 1, p. 5.

[19] R. Doc. 1, p. 5.

[20] *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."), citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (must be an affirmative link between injury and conduct of defendant).

[21] Even if Plaintiff had named a defendant with an apparent connection to the Ascension Parish Jail, this Complaint would still be subject to dismissal because Plaintiff has only provided the conclusory assertion that he is being abused by inmates related to his legal mail having been provided to another inmate.  *See Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990) (holding that conclusory allegations are insufficient to establish a constitutional violation under § 1983; such claims must be supported by specific facts).  Further, though ordinarily a *pro se* plaintiff should be afforded an opportunity to amend his or her complaint prior to dismissal, leave to amend is not necessary if amendment would be futile; here, Plaintiff should not be allowed leave to amend to attempt to state a claim because any amendment consistent with these bare facts would be subject to dismissal.  *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (though ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).  Even if he were trying to allege that jail officials were deliberately indifferent to his safety, Plaintiff has not stated any facts to show that any jail official knew he faced a substantial risk of harm and failed to take reasonable measures to protect him or that jail officials intentionally created the situation with his legal mail for the purpose of causing him harm.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (establishing test for deliberate indifference).

**D. Exercise of Supplemental Jurisdiction Should be Declined**

To the extent that Plaintiff's allegations may be interpreted as asking the Court to exercise supplemental jurisdiction over potential state law claims, a federal district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[22]  Here, because dismissal is recommended for all federal claims, it is appropriate to decline supplemental jurisdiction over any potential state law claim.

## <u>RECOMMENDATION</u>

**IT IS RECOMMENDED** that this Court decline supplemental jurisdiction over potential state law claims, that all federal claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this matter be **CLOSED**.

Signed in Baton Rouge, Louisiana, on October 31, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] 28 U.S.C. § 1367.